Bosworth, J.
The jury found that the child was incapable of rendering service: So far as the right to maintain the action depends upon proof of special damage resulting from the loss of service of the child, the existence of the right is. disproved by the verdict of the jury.
The father has no property in the child, and no action has accrued from an unauthorized removal of his property.
Prima facie he has a rightto the legal custody of the child, and where no special reasons are shown to induce a court to act otherwise, it will award to him the custody and require the child to be restored to him. (18 Wend. 637. id. 17. 3d Hill 405.) But the court will not under all circumstances interfere, and take a child, though under fourteen years of age, from the possession of a third person, and deliver it over to the father against the will of the child. If the infant is competent to declare an election, the officer before whom it is brought on Habeas Corpus, will allow it to go with^that one of the parents with whom it prefers to reside. If the infant be too young to form a judgment, the court, in some cases, will exercise its judgment for the infant, so far at least as to refuse to make an order that it be delivered to the party seeking to obtain a change of custody. (2 Kent’s Com. 194; 4 J. Ch. R. 80.)
The Revised Statutes provide that when any husband and wife shall live in a state of separation without being ‘divorced, and shall have any minor child of the marriage, the wife, if an' inhabitant of this state, may apply to the Supreme Court for a Habeas Corpus, to have such minor child brought before it, and on the return of the writ, and on due consideration, may award the charge and custody of the child to the mother for such time, under such regulations and restrictions, and with such provisions and directions, as the case-may require. (2 R. S. 194, § 1, 2.)
An officer before whom such a child should be brought on Habeas Corpus, might properly refuse to make an order requiriug the mother to deliver it to the father, on a state of facts being shown which might induce the Supreme Court to take it from the father and award it to the charge and custody of the mother.
*49 In this case the husband and wife had been living separate and undivorced for over three years prior to the issuing of the Habeas Corpus. His wife and her two children went to reside with her father, the defendant. The plaintiff went to South Carolina and continued to reside there. For aught that appears in the case, the support and maintenance of herself and children had been devolved upon the defendant and borne by him. The wife and children remained in this state. The defendant left it and remained out of it.
For aught that affirmatively appears, the father was a fit person to have charge of the child. And for aught that appears the mother was equally fitted for the trust, and had discharged its duties, with a wise regard to her son’s present and future happiness. Is it clear that on these facts, the child would have been taken from the mother and delivered to the father? Is there not some evidence of abandonment, not in the offensive sense of the term, but practically, of all care over and provision for him?
If the judge issuing the Habeas Corpus, might in the proper exercise of his discretion have refused to interfere, the plaintiff failed to show any strict right to the actual custody, which has been interfered with by the defendant.
The defendant was not bound to bring the child to the city on the demand of the plaintiff, nor to retain it in his custody. The most that could be required of him, under any circumstances, was non-interference. He made no claim to the custody, he merely permitted the child to be at his house.
The only act of which complaint can be made, is his taking of the child to Connecticut and leaving it with the child’s mother, with whom the plaintiff left it on quitting the state.
If such an act falls within the prohibition contained in either the 61st or 62nd section of 2 R. S. 572, it is enough to say, that the statute which creates the offence, prescribes the punishment. Ho civil action lies to recover the expenses incurred in issuing and attempting to execute the Habeas Corpus, where no special damage is shown to have resulted from the removal.
And as the jury found the child was incapable of rendering *50 any service, the new trial should not be granted, in this particular case, for the reason that the facts appearing on the trial present a case, on which the judge issuing the Habeas Corjytis, might properly have refused to interfere, and change the custody of the child. The motion for a new trial must be denied, and a judgment entered for the •'defendant.